**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-10487
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JEROME EUREESE BAKER,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(2:96-CR-50-J)

November 13, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jerome Eureese Baker appeals his conviction for possession with intent to distribute cocaine base.[2] He argues that the evidence was insufficient to prove that he knowingly and constructively possessed the contraband. We will not disturb a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] See 21 U.S.C. § 841.

conviction attacked on the basis of evidence sufficiency if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

The key evidence can be summarized as follows: Baker rented a motel room in his hometown of Amarillo, Texas for the night of September 7, 1996. He specifically requested room 159, the most distant room from the front desk. The manager of the motel, Trent Dixon, had instructed his desk clerks not to rent room 159 unless a guest specifically requested it.

On the morning of September 8, 1996, an individual telephoned Dixon and stated that some of his items were missing from room 159. Dixon subsequently learned that a housekeeper, Selma Hutchens, had discovered a scale and plastic sandwich bags on a table when she entered the room to strip the linens.[4] Dixon instructed Hutchens to return the items to the guest. On her way back to the room, Hutchens encountered a man whom she presumed to be the guest in room 159. She then handed him the scale.

Suspecting drug activity, Dixon had summoned the police to the motel. Corporal Dennis Rhyne of the Amarillo Police Department arrived shortly thereafter. While proceeding toward room 159, Rhyne observed a vehicle, occupied by two black males, leaving the

---

[3] *Guzman v. Lensing,* 934 F.2d 80, 82 (5th Cir. 1991)

[4] The housekeeper testified that she presumed the room was vacant, as it contained no luggage, clothing, or toiletries.

deserted parking lot near the room.  Rhyne followed the vehicle and subsequently made a traffic stop.  Baker was the driver, and he consented to a search of the vehicle.  Officers discovered an electronic scale that had been concealed behind the vehicle's console.  Baker then consented to a search of room 159, even though he claimed to have checked out of the motel.

Inside the room, police officers discovered several items: (1) a box of plastic baggies hidden in the toilet tank, (2) three razor blades (one of which had a powdery white substance on it) in the trash bin, (3) a baggie with powdery residue on the table, and (4) a towel hidden in the heating/cooling unit.  Wrapped in the towel were nine rocks of a substance that subsequent analysis revealed to be crack cocaine.  A scuffle occurred when the police placed Baker under arrest, but officers were ultimately able to subdue him.

At trial, DEA agent Lonny Watson testified that razor blades and baggies are used in drug trafficking, and that the amount of crack seized from room 159 had a street value of approximately $10,000. He also testified that it is not uncommon for drug traffickers to rent rooms in their own hometown for the purpose of conducting business in a secluded area.

Barron Walker, a friend of Baker's, testified for the defense. He told the jury that he and Baker, both married, used the motel for socializing with their girlfriends.  Walker stated that he was with Baker when Baker rented the room on September 7, and that Baker's intention was to use the room to entertain a woman named

3

Demetrius Jones.  He also testified that he and Baker returned to the motel the next morning so that Baker could retrieve his missing scale.  Walker stated that they left the key inside the room, but he could not explain why the police were unable to locate it.

Jones testified that Baker had planned the tryst that occurred at the motel during the daylight hours of September 7.  She stated that she left the room later that evening, and that she had no knowledge of Baker's subsequent activities.  Finally, she told the jury that she knew Baker to sell "junk jewelry" to pawn shops, but that she had only seen him with a scale on one occasion.

Because Baker did not actually possess the crack cocaine when he was arrested, the government proceeded on a constructive possession theory.  We have defined constructive possession as ownership, dominion, or control over the contraband.[5] Circumstantial evidence may support a finding of constructive possession.[6]  In this case, the circumstantial evidence presented at trial would allow a rational trier of fact to conclude that Baker knowingly and constructively possessed the crack found in the motel room.  First, Baker deliberately rented the most secluded room in the motel.  Second, he retrieved a scale from a room that was later found to contain both drugs and drug paraphernalia.[7]

---

[5] *United States v. Skipper*, 74 F.3d 608, 611 (5th Cir. 1996)

[6] *United States v. Steen*, 55 F.3d 1022, 1031 (5th Cir. 1995)

[7] Since the razor blades and baggie were in plain sight within the room, it was reasonable for the jury to conclude that the items

Third, police found a scale deliberately concealed in the console of a vehicle Baker drove away from the motel. Sufficient evidence supports the jury's verdict.

AFFIRMED.

_____

belonged to Baker, the most recent occupant.